UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:20-CR-00238-JLT-SKO |
|---|---|
| Plaintiff, | ORDER GRANTING THE MOTION TO RECONSIDER BY MR. PERKINS AND DENYING THE MOTION TO RECONSIDER BY MR. BANNICK (Doc. 1534, 1535) |
| v. | |
| KENNETH BASH, et al, | |
| Defendants. | |

The Court previously denied the motion to sever brought by Mr. Perkins and joined by Mr. Bannick. (Doc. 1490) Mr. Perkins now moves the Court to reconsider that order and Mr. Bannick joins in Mr. Perkin's motion (Doc. 1535). Though the Court finds its analysis in its order to be correct, ▮▮▮▮▮▮▮▮ convinces the Court that Mr. Perkins' trial should be severed. Thus, the motion as it relates to Mr. Perkins (Doc. 1534) is **GRANTED**. Because Mr. Bannick has not shown through his joinder in the motion to reconsider that his unique circumstances demonstrate the Court erred, his joinder in the motion to reconsider (Doc. 1535) is **DENIED**.

I. **Motion to reconsider**

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases." United States v. Jones, 916 F.Supp.2d 83, 86 (D.D.C. 2013). "No precise 'rule' governs the district court's inherent power to grant or deny a

motion to reconsider a prior ruling in a criminal proceeding. Rather, the district court's authority to revisit a ruling on a suppression motion 'is within its sound judicial discretion.'" United States v. Lopez-Cruz, 730 F.3d 803, 811 (9th Cir. 2013) quoting United States v. Raddatz, 447 U.S. 667, 678 n. 6 (1980).

Local Rule 430.1(i) requires parties moving for reconsideration in criminal cases to demonstrate "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." "But as is true of motions for reconsideration in civil cases, motions for reconsideration in criminal cases are almost always denied when they rest on arguments or evidence the moving party previously raised or could have raised and denial would not cause manifest injustice." United States v. Davis, 2021 WL 1122574, at *2 (E.D. Cal. Mar. 24, 2021), *aff'd*, 2022 WL 1090945 (9th Cir. Apr. 12, 2022).

## II.     Analysis

After the Court issued its order denying the motion to sever, Mr. Perkins' counsel filed a document under seal explaining their trial strategy and why they are unable to be prepared to present this defense at the currently scheduled trial. This information made clear that more time is needed for counsel to prepare for trial due in large part to the fact that, the discovery produced since September 2024, ███████████████████████ such that they need to do further investigation. Though the Court ███████████████████████ ███████████████████████ it feels compelled to sever Mr. Perkins' trial to allow this work to be done by the defense.

███████████████████████
███████████████████████
███████████████████████
███████████████████████
███████████████████████
███████████████████████
███████████████████████

1    ████████████████████████████████████████████████████████

2    Even still, the government is correct that this information could have been presented with

3    the earlier motion, however, counsel were justifiably reluctant to share trial strategy ████

4    ████████████████████████████████████████████████████████████████████████

5    ████████████████████████████████████████████████████

6    ██ Thus, the Court very reluctantly concludes that Mr. Perkins has demonstrated undue

7    prejudice will result if his case is not severed from the January 2025 trial.

8    The Court has thought long and hard on this decision and has concluded that severance,

9    rather than continuing the entire trial set for January 2025, is the only remedy. In doing so, the

10   Court recognizes the burdens and risks posed by this decision. It has considered the likely

11   witnesses who will have to repeat testimony and the burden on the government in having to

12   present this case more than once. It finds that these considerations, when weighed against the

13   seriousness of the charges brought against Mr. Perkins, must give way. Even still, to mitigate

14   these burdens and based upon the relevant considerations, the Court does not find that Mr.

15   Perkins must be tried in a solo trial. Rather, his trial will be joined with either of the other two

16   currently scheduled.

17   Finally, though Mr. Bannick joins in Mr. Perkins' motion to reconsider, he has not made

18   any additional showing particular to his circumstances that would justify granting his motion, and

19   the evidence presented by Mr. Perkins does not translate to Mr. Bannick. Moreover, the

20   allegations of the operative indictment—naming him in all four of the murders set forth in Counts

21   2, 3, 5 and 6—place him a position that is different from Mr. Perkins, such that the Court cannot

22   imagine a circumstance that would change the Court's order related to him. Thus, Mr. Bannick's

23   motion for reconsideration is **DENIED**.

24                                           **ORDER**

25   For the reasons discussed, the Court **ORDERS**:

26   1.    The motion to reconsider the order denying Mr. Perkins' motion to sever is

27   **GRANTED**. Mr. Perkins' motion to sever is **GRANTED,** and his trial date is vacated. Because

28   continuance of the trial is at the request of Mr. Perkins, the Court find that good cause exists, and

the interests of justice outweigh the interests of the defendant and the public in a speedy trial. The Court will exclude time through September 23, 2025, which is when the next trial set to begin in this case.

2. **No later than March 7, 2025**, counsel for the government, Mr. Perkins and Mr. Gray **SHALL** file a joint statement indicating whether Mr. Perkins' case should go to trial with Mr. Gray, or it should go to trial with Mr. Weaver & Mr. Pitchford.

3. Under no circumstances may the information disclosed by the government according to the Court's scheduling order (Doc. 1286) be disclosed to Mr. Perkins in any manner. Once a new trial date is selected, counsel **SHALL** submit a stipulated scheduling order that will control Mr. Perkins' access to this information.

4. Because Mr. Perkins' motion for a bill of particulars (Doc. 1533) lacks the urgency it had when it was filed, it is **CONTINUED to March 5, 2025 at 1 p.m.** before Magistrate Judge Oberto. Likewise, any motion in limine or other trial motion filed by Mr. Perkins, including Docs. 1525, 1528, 1529, 1537, 1539, are terminated. They be re-noticed by Mr. Perkins at the relevant time. When this occurs, the government may stand on the opposition briefs it has filed or it may file new oppositions.

4. Mr. Bannick's motion to reconsider (Doc. 1535), brought by way of his joinder in Mr. Perkins' motion, is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 27, 2024**

UNITED STATES DISTRICT JUDGE